United States District Court
Southern District of Texas
**ENTERED**
May 12, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KELVIN LLOYD SMITH, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-23-1362 |
| § | |
| BRIAN EUGENE KYLES, § | |
| et al., § | |
| § | |
| Defendants. § | |

### ORDER OF DISMISSAL WITHOUT PREJUDICE FOR FAILURE TO ALLEGE FACTS ESTABLISHING SUBJECT MATTER JURISDICTION

On April 11, 2023, Plaintiff, Kelvin Lloyd Smith, ("Smith"), initiated this action by filing a Complaint (Docket Entry No. 1), against defendants, Brian Eugene Kyles ("Kyles") and First Century Properties ("First Century"), seeking damages arising from breach of agreements regarding real properties located in Houston, Texas.

On April 14, 2023, the court issued an Order (Docket Entry No. 2) stating that

> Federal Courts are courts of limited jurisdiction. The complaint does not allege a basis for federal jurisdiction.
>
> Plaintiff[] is **ORDERED** to file an Amended Complaint by **May 12, 2023,** that alleges a valid basis for federal jurisdiction. The failure to [do] so may result in the dismissal of this action without further notice to the Plaintiff.

On April 21, 2023, the court entered an Order for Conference and Disclosure of Interested Parties, which included the following

NOTICE TO PLAINTIFFS . . . IN CASES BASED ON DIVERSITY JURISDICTION:

Under 28 U.S.C. § 1332 there must be complete diversity between plaintiffs and defendants.  Complete diversity requires that all persons on one side of the controversy be citizens of different states from all persons on the other side.  The party asserting federal jurisdiction has the burden to demonstrate that there is complete diversity. . . The failure of a plaintiff to file an Amended Complaint . . . alleging facts establishing complete diversity of citizenship in an action filed . . . under 28 U.S.C. § 1332 may result in dismissal . . . of this action by the court on its own initiative without further notice.[1]

On May 10, 2023, Smith filed an Amended Complaint and Request for Injunction (Docket Entry No. 4), and on May 11, 2023, Smith filed a second Amended Complaint and Request for Injunction (Docket Entry No. 5).  Because the two amended complaints are not identical, the court accepts the most recently filed, i.e., Docket Entry No. 5, as the live complaint, and refers to it as the Second Amended Complaint.  Smith's Second Amended Complaint states that the basis for federal jurisdiction is both federal question and diversity of citizenship.[2]

Smith's allegations of federal question jurisdiction are that

[o]nce jurisdiction is established, due to state to state laws that can be governed between state to state issues, freedom of speech can be exercised, due process, petition the government for a redress of grievance.  No person

---

[1] Docket Entry No. 3, p. 1 ¶ 3.

[2] Second Amended Complaint, Docket Entry No. 5, p. 3.  Page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

2

> shall be deprived of life and liberty or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws, 14th amendment (racial discrimination, undue hardship).[3]

The factual allegations in Smith's Second Amended Complaint detail a number of grievances arising from defendant Kyles' breaches of agreements made regarding various real properties located in Houston, Texas. Neither the allegations accompanying Smith's assertion of federal question jurisdiction, nor the facts alleged in the body of the Second Amended Complaint show that Smith seeks to vindicate rights protected by federal law. Accordingly, the facts alleged in the Second Amended Complaint are not sufficient to establish federal question jurisdiction.

Smith's allegations of diversity jurisdiction are that he is an individual residing in the State of Texas, and that defendants are: Kyles, Terra Fountain, and First Century, all of whom share the same address in Houston, Texas; BSI Financial Services located in Titusville, Pennsylvania; and Crystal Walker who has an address in Houston, Texas.[4] Under 28 U.S.C. § 1332 there must be complete diversity between plaintiffs and defendants. McLaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (per curiam) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)). "'The concept of complete diversity requires that all

---

[3] Id.

[4] Id. at 2-3.

persons on one side of the controversy be citizens of different states than all persons on the other side.'" Id. (quoting Harrison v. Prather, 404 F.2d 267, 272 (5th Cir. 1968) (per curiam)). Neither the allegations accompanying Smith's assertion of diversity jurisdiction, nor the facts alleged in the body of the Second Amended Complaint show that all persons on one side of the controversy are citizens of different states than all persons on the other side. Accordingly, the facts alleged in the Second Amended Complaint are not sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, Kokkonen v. Guardian Life Insurance Co. of America, 114 S. Ct. 1673, 1675 (1994), and therefore "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Insurance Co., 243 F.3d 912, 916 (5th Cir.), cert. denied, 122 S. Ct. 459 (2001). Thus, Smith as the party asserting federal jurisdiction, bears the burden to demonstrate federal jurisdiction. "Jurisdiction cannot be waived, and it is the duty of a federal court first to decide, sua sponte if necessary, whether it has jurisdiction before the merits of the case can be addressed." Filer v. Donley, 690 F.3d 643, 646 (5th Cir. 2012). See also A.I.M. Controls, L.L.C. v. Commissioner of Internal Revenue, 672 F.3d 390, 392 (5th Cir. 2012) ("Federal courts 'must

4

raise and decide jurisdictional questions that the parties either overlook or elect not to press.'") (quoting Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011)). Despite having been warned both by the Order entered on April 14, 2023 (Docket Entry No. 2), and by the Order for Conference and Disclosure of Interested Parties entered on April 21, 2023 (Docket Entry No. 3), that the failure to file and amended complaint that alleges a valid basis for federal jurisdiction may result in the dismissal of this action without further notice, Smith filed the Second Amended Complaint that does not allege a valid basis for either federal question or diversity jurisdiction. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SIGNED** at Houston, Texas, on this 12th day of May, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE