United States District Court
Southern District of Texas
**ENTERED**
June 12, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELVIN LLOYD SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-23-1362 |
| | § | |
| BRIAN EUGENE KYLES, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

### **MEMORANDUM OPINION AND ORDER**

Pending before the court is Plaintiff's second Motion to Reinstate Case on Docket and Notice of Hearing ("Second Motion to Reinstate") (Docket Entry No. 14). For the reasons stated below, the pending motion will be denied.

### I. **Procedural Background**

This action was initiated on April 11, 2023, by the filing of Smith's Complaint (Docket Entry No. 1), against defendants, Brian Eugene Kyles ("Kyles") and First Century Properties, seeking redress for breach of a contract titled "Palm Street Agreement" regarding real property in Houston, Texas.[1]

On April 14, 2023, the court issued an Order (Docket Entry No. 2) stating that

---

[1]Exhibit A1 to Complaint, Docket Entry No. 1-1, pp. 6-9. Page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

> Federal Courts are courts of limited jurisdiction. The complaint does not allege a basis for federal jurisdiction.
>
> Plaintiff[] is **ORDERED** to file an Amended Complaint by **May 12, 2023**, that alleges a valid basis for federal jurisdiction. The failure to [do] so may result in the dismissal of this action without further notice to the Plaintiff.

On April 21, 2023, the court entered an Order for Conference and Disclosure of Interested Parties, which included the following

> <u>NOTICE TO PLAINTIFFS . . . IN CASES BASED ON DIVERSITY JURISDICTION</u>:
>
> Under 28 U.S.C. § 1332 there must be complete diversity between plaintiffs and defendants. Complete diversity requires that all persons on one side of the controversy be citizens of different states from all persons on the other side. The party asserting federal jurisdiction has the burden to demonstrate that there is complete diversity. . . The failure of a plaintiff to file an Amended Complaint . . . alleging facts establishing complete diversity of citizenship in an action filed . . . under 28 U.S.C. § 1332 may result in dismissal . . . of this action by the court on its own initiative without further notice.[2]

On May 10, 2023, Smith filed an Amended Complaint and Request for Injunction (Docket Entry No. 4), and on May 11, 2023, Smith filed a second Amended Complaint and Request for Injunction (Docket Entry No. 5). Because the two amended complaints are not identical, the court accepts the most recently filed, <u>i.e.</u>, Docket Entry No. 5, as the live complaint, and refers to it as the Second Amended Complaint. Smith's Second Amended Complaint states that

---

[2]Docket Entry No. 3, p. 1 ¶ 3.

the basis for federal jurisdiction is both federal question and diversity of citizenship.³

Smith's allegations of federal question jurisdiction are that

> [o]nce jurisdiction is established, due to state to state laws that can be governed between state to state issues, freedom of speech can be exercised, due process, petition the government for a redress of grievance. No person shall be deprived of life and liberty or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws, 14th amendment (racial discrimination, undue hardship).⁴

The factual allegations in Smith's Second Amended Complaint detail grievances arising from defendants' breach of the Palm Street Agreement. Because neither the allegations accompanying Smith's assertion of federal jurisdiction nor the facts alleged in the body of the Second Amended Complaint show that Smith seeks to vindicate rights protected by federal law or that the parties are completely diverse, on May 12, 2023, the court entered an Order of Dismissal Without Prejudice for Failure to Allege Facts Establishing Subject Matter Jurisdiction (Docket Entry No. 6), and a Final Judgment (Docket Entry No. 7) dismissing this action without prejudice for lack of subject matter jurisdiction.

On May 19, 2023, Smith filed a Motion to Reinstate Case on Docket and Notice of Hearing (Docket Entry No. 8). On May 22, 2023, the court entered an Order (Docket Entry No. 13) denying

---

³Second Amended Complaint, Docket Entry No. 5, p. 3.

⁴<u>Id.</u>

Plaintiff's Motion to Reinstate, stating that "nothing in the motion establishes a basis for federal jurisdiction."

On May 24, 2023, Smith filed the pending Second Motion to Reinstate, asserting that "the heading was wrong because BSI Financial Services is in another state which is state to state issue between t[w]o states."[5] Attached to the Second Motion to Reinstate is a single page labeled "Exhibit 1", which purports to state a basis for federal jurisdiction, and a single page labeled "Exhibit 2," in which Smith lists thirteen alleged "violations of [his] civil rights and answer the federal question in this complaint." For the reasons stated below Smith's Second Motion to Reinstate will be denied because nothing therein establishes a basis for federal jurisdiction.

## II. **Plaintiff's Allegations of Fact**

Smith alleges that in August of 2016 he and Kyles, acting on behalf of First Century Properties, entered the Palm Street Agreement.[6] Smith alleges that the Palm Street Agreement was for a stated period of three years ending August 31, 2019, and that pursuant thereto First Century Properties agreed to (1) remedy a pending foreclosure sale of the subject property at auction;

---

[5]Second Motion to Reinstate, Docket Entry No. 14, p. 2.

[6]Exhibit A1-A4 to Second Amended Complaint, Docket Entry No. 5, pp. 14-17.

4

(2) pay the mortgage on the property in full by the end of the term of the agreement; (3) repair the roof and the air conditioning on the property; (4) maintain taxes and insurance on the property; (5) pay Smith $12,000.00 ($2,000.00 in advance and $10,000.00 in installments six moths after closing); and (6) convey the property free of all encumbrances to Smith after the term of the agreement without cost to Smith.  In exchange for these agreements Smith agreed to (1) reside in the property during the term of the agreement; (2) maintain utilities to the property; (3) keep the property in good repair; (4) allow First Century Properties to use the property as collateral for loans, lines of credit, and access to capital to conduct its business of purchasing properties for profit; and (5) make no additional financial encumbrances on the property.[7]

On December 21, 2022, Defendant Crystal Walker, an attorney retained by Kyles and First Century Properties, sent a letter to Smith stating her clients' wish to terminate the Palm Street Agreement and work toward a fair resolution for all parties.[8] The December 21, 2022, letter proposed the following two options: (1) Transfer the property and current mortgage to Smith; and

---

[7]See Palm Street Agreement, Exhibit A to Second Amended Complaint, Docket Entry No. 5, pp. 14-15.

[8]December 21, 2022, Letter, Exhibit G to Second Amended Complaint, Docket Entry No. 5, pp. 30-31.

(2) sell the property to a third party and split the proceeds.[9] The letter also stated that "the remaining balance of the mortgage is approximately $173,000.00 and the current value of the Property is estimated to be approximately $325,000.00. Based on those figures, the estimated proceeds to be divided between [Smith] and [First Century Properties] would be $152,000.00."[10]

On January 4, 2023, attorney Richard Howard sent a letter to Kyles and First Century Properties stating that he had been retained by Smith in connection with the Palm Street Agreement, that Smith had performed all of his contractual obligations under the terms of the agreement, and that Smith demanded full performance of First Century Properties' obligations under the agreement, including "(1) $6,000.00 balance owed from $12,000.00 payment promised; and (2) a General Warranty Deed conveying 3906 Palm Street, Houston, Harris County, Texas 77004, free of any all liens and encumbrances."[11]

---

[9]Id. at 31.

[10]Id.

[11]Letter from Law Office of Ramond W. Howard P.C. to Brian Kyles, Individually and as Agent for First Century Enterprises Inc., d/b/a First Century Properties, Exhibit H1 to Second Amended Complaint, Docket Entry No. 5, pp. 32-33.

On March 13, 2023, the servicer of the existing mortgage, Defendant BSI Financial Services, sent Kyles and First Century Properties a Notice of Default and Intent o Accelerate.[12]

Smith alleges that Kyles has not been truthful, and that Kyles and First Century Properties target

> Black men and women in black neighborhood[s] that are home owners that are sick and elderly and with disab[ilities] which allows . . . KYLES and FIRST CENTURY PROPERTIE[S'] employees to engage in depriv[ing] . . . SMITH out of his home property in a way he would not recover, [d]ue to out of state loans and interstate laws, and jurisdiction laws, and taxes laws governed by the internal revenue service. . . WALKER . . . knew with her degree in real estate that it would be hard to satisf[y] a loan in another state and the owner would lose his property. . . WALKER is a LEGAL bully for . . . KYLES & FIRST CENTURY PROPERTIES on all their contracts, it is a hard road as a black man from my neighborhood[] and I am going thru hardship, mental[] breakdown and physical distress and spiritual breakdown.  As noted by my Doctor and my pastor.[13]

Attached to the pending Motion to Reinstate is a May 2, 2023, letter from Smith's treating physician stating that Smith was hospitalized on April 20, 2023, that Smith would likely remain hospitalized until at least May 9, 2023, and thereafter would need extensive follow up in clinic appointments, testing, and treatments over the next 12 months.[14]

---

[12]Exhibit J1 to Second Amended Complaint, Docket Entry No. 5, p. 35.

[13]Second Amended Complaint ¶ 25, Docket Entry No. 5, p. 11.

[14]May 2, 2022, Letter from physician at Harris Health, Exhibit M1 to Amended Complaint, Docket Entry No. 5, p. 50.

### III. <u>Plaintiff's Inability to Allege Facts Establishing Diversity Jurisdiction</u>

The allegations in Smith's Second Amended Complaint relating to diversity jurisdiction are that he is an individual residing in the State of Texas, and that defendants are: Brian Eugene Kyles, Terra Fountain, and First Century Properties, all of whom share the same address in Houston, Texas; BSI Financial Services, an entity with an address in Titusville, Pennsylvania; and Crystal Walker, an individual with an address in Houston, Texas.[15]  In the pending Motion to Reinstate Smith asserts that he "did not respond to the notice of dismissal before [his] case was dismissed because: The heading was wrong because BSI Financial Services is in another state. . ."[16]

Under 28 U.S.C. § 1332 there must be complete diversity between plaintiff and all defendants.  <u>McLaughlin v. Mississippi Power Co.</u>, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam) (citing <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267 (1806)).  "'The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'"  <u>Id.</u> (quoting <u>Harrison v. Prather,</u> 404 F.2d 267, 272 (5th Cir. 1968) (per curiam)).  Although Smith's allegations indicate that he is a citizen of the State of Texas and

---

[15]Amended Complaint, Docket Entry No. 5, pp. 2-3.

[16]Motion to Reinstate, Docket Entry No. 14, p. 2.

8

that BSI Financial Services is a citizen of the State of Pennsylvania, these allegations are not sufficient to establish diversity jurisdiction because Smith's allegations indicate that the other defendants are — like him — citizens of the State of Texas. The court concludes therefore that Smith is not able to allege facts capable of establishing diversity jurisdiction under 28 U.S.C. § 1332.

### IV. Plaintiff's Inability to Allege Facts Establishing Federal Question Jurisdiction

Smith's allegations of federal question jurisdiction are that

> [o]nce jurisdiction is established, due to state to state laws that can be governed between state to state issues, freedom of speech can be exercised, due process, petition the government for a redress of grievance. No person shall be deprived of life and liberty or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws, 14th amendment (racial discrimination, undue hardship).[17]

In the pending Motion to Reinstate Smith asserts that the basis for jurisdiction is federal question because he and "BSI FINANCIAL SERVICE defendant can only litigate in Federal Court due to violation of Federal laws, embezzlement, breach of contract between states. Litigation involv[ing] foreclosure is only handle[d] in Federal Court."[18] Smith argues that he

---

[17]Amended Complaint, Docket Entry No. 5, p. 3.

[18]Exhibit 1 to Motion to Reinstate, Docket Entry No. 14, p. 3.

>would not be able to voice freedom of speech to be exercised, [he] would not be able to exercise due process, petition the government for redress of grievance. [He] will not be able to exercise his civil rights, no person shall be deprived of life and liberty or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws, 14th amendment (racial discrimination, undue hardship) . . . which he is medically going through. 1. Which all pertains to the UNITED STATES Constitution. 2. Violations of federal laws.  3. Controversies between states.   4. Disputes between parties from different states.[19]

In addition, Smith lists the following thirteen violations of civil rights that he contends demonstrate federal question jurisdiction:

1. To apply foreclosure and bankruptcy laws.

2. Breach of contract.

3. Hardship discrimination.

4. Racial discrimination.

5. First Amendment Rights.

6. 14th Amendment Rights.

7. 28 U.S.C. § 1331.

8. 6th Amendment Rights.

9. 28 U.S.C. § 1343.

10. Interstate commerce act.

11. 7th Amendment Rights.

12. 8th Amendment Rights.

13. 9th Amendment Rights.[20]

---

[19] Id.

[20] Id. at 4.

The factual allegations in Smith's Second Amended Complaint detail grievances arising from alleged breaches of the Palm Street Agreement that Smith entered with First Century Properties on August 31, 2016. The Palm Street Agreement is a contract and breach of contract is a common law cause of action based on state — not federal — law that can only be pursued in federal court when pendent to a claim or claims based on federal law or when diversity jurisdiction exists. Smith argues in the pending Motion to Reinstate that he seeks to apply foreclosure and bankruptcy laws, but he has not identified any federal foreclosure or bankruptcy laws that apply to the facts asserted in his Second Amended Complaint. The only federal statutes that Smith mentions are 28 U.S.C. §§ 1331 and 1343, which are procedural statutes that merely recognize the right to file suit in federal court seeking to remedy violation of rights provided elsewhere. Finally, Smith argues that he seeks to remedy civil rights violations for discrimination based on hardship and race, and for violation of rights guaranteed by the Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. However, Smith fails to identify any federal statute that allows individuals to bring suit for violation of rights guaranteed by amendments to the United States Constitution committed by private parties to real estate contracts such as the defendants named in this action. Because neither the facts alleged in Smith's Second Amended Complaint, nor the

arguments made in the pending Motion to Reinstate show that Smith has alleged — or that Smith is able to allege — facts capable of stating a claim for violation of rights protected by federal law. The court concludes therefore that Smith is not able to allege facts capable of establishing federal question jurisdiction under 28 U.S.C. § 1331.

## V. Conclusions and Order

Because neither the facts alleged in Smith's Second Amended Complaint, nor the arguments made in the pending Motion to Reinstate show that Smith has alleged — or that Smith is able to allege — facts capable of establishing either federal question or diversity jurisdiction under 28 U.S.C. §§ 1331-1332, Plaintiff's second Motion to Reinstate Case on Docket and Notice of Hearing (Docket Entry No. 14) is **DENIED**. Because the court has now denied Smith's second motion to reinstate, the court will not entertain any additional motions from him. If Smith continues to believe that the court's actions are in error, he has the option of seeking relief from the Fifth Circuit Court of Appeals.

**SIGNED** at Houston, Texas, on this 12th day of June, 2023.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE